(83 App. Div. 259.)

INSURANCE PRESS v. MONTAUK FIRE DETECTING WIRE CO. et al.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. CORPORATION—CONTRACTS WITH DIRECTORS—VALIDITY—FOREIGN LAWS—
PLEADING.
    Where an action was brought in New York against a corporation organized in West Virginia and two of its directors to compel them to account for stock received under a contract with the corporation, by which all of the stock authorized was issued to them in payment for patents which they owned and transferred to the corporation, alleged to be worth much less than the stock issued, but the complaint failed to allege that such transaction was invalid under the laws of West Virginia, it did not state a cause of action, though the transaction might be void under the laws of New York.

**2. SAME—CONSPIRACY.**

In an action by a stockholder of a corporation to set aside a transfer of corporate stock to certain directors, allegations that on the organization of the corporation such directors entered into a conspiracy with the other directors to acquire such stock, and that in pursuance of such conspiracy certain patents were transferred to the corporation for the stock so issued, etc., were too broad and general to constitute a cause of action for conspiracy.

Appeal from Special Term, New York County.

Action by the Insurance Press against the Montauk Fire Detecting Wire Company and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. Walker Otis, for appellant.
Wm. M. K. Olcott, for respondents.

PATTERSON, J. The plaintiff is a stockholder in the defendant corporation. He brought this action against the defendants Gould and Hanson (making the corporation a codefendant), asking this court to adjudge that an issue of all the capital stock of the defendant corporation to Gould and Hanson was illegal and void; that a certain portion of the stock now held by Gould and another portion now held by Hanson "be declared illegal and void," and that those defendants be directed to deliver the same up to the defendant corporation for cancellation; and that a certain amount of what is called "treasury stock," standing on the books of the defendant corporation as such, be declared illegal and void, and that the corporation be directed to cancel the same. This relief is asked upon allegations of the complaint which set forth that the defendant corporation was organized under the laws of West Virginia, but has a place of business in the state of New York; that the defendant Gould is president and the defendant Hanson treasurer of that corporation; that in the year 1897 the Montauk Company was organized, and its capital stock was fixed at $3,000,000, divided into 300,000 shares of the par value of $10 each; that at the time of the organization of the company Gould and Hanson owned patents relating to the detection of fires by means of a certain arrangement of wires, which patents did not exceed in value the sum of $10,000; that upon the organization of the corporation the defendants Gould and Hanson entered into a conspiracy with the directors (they being among the directors) by which such defendants should acquire the whole of the capital stock of the company for $10,000; that, in pursuance of such conspiracy, the patents were assigned to the corporation, and thereupon, without any other consideration, there was issued $2,000,000 of the capital stock to Gould and $1,000,000 to Hanson, and that it was issued as fully-paid stock, and was so marked on the stock certificates, whereupon Gould immediately transferred back to the corporation $500,000 of stock issued to him, and Hanson immediately transferred back to the corporation, $250,000 of the stock issued to him, such returned stock being known as "treasury stock," and so called on the books of the company. It

is further alleged that out of that stock the company has since issued to various parties $191,920 of par value, and there remains on the books of the corporation, as treasury stock, $558,080. The complaint then alleges that Gould has transferred to other parties a certain proportion of the stock that remained to him after his contribution to the treasury stock, and that Hanson has also disposed of some of his stock, and that the plaintiff, believing that all the stock of the Montauk Fire Detecting Wire Company was fully paid and issued for value, purchased from the Montauk Company 400 shares of this treasury stock, paying therefor $2,000. It is then alleged that the defendant corporation is under the control of Gould and Hanson, who hold a majority of the stock, and for that reason it is impracticable for the corporation to bring this action against them. The answers of the various defendants deny the allegations of the complaint, including the allegation of the value of the patents. They admit that Gould and Hanson owned patents. They deny the allegations of conspiracy, and then set up certain matter as independent defenses. On the trial the complaint was dismissed on the pleadings, the substantial reason for that action of the court being that the complaint did not state facts sufficient to constitute a cause of action.

We are not called upon, in disposing of this case, to determine whether a stockholder can maintain an action of this character under proper allegations in a complaint, although that question has been quite elaborately argued. We think it plain, however, that this action cannot be maintained and that the court was right in dismissing the complaint. Whether the allegation as to the value of the patents at the time the stock was issued is sufficient or insufficient, there is nothing in this complaint to show that under the laws of the state of West Virginia the transaction between the directors and the owners of the patents was unlawful. The charge of conspiracy, in the broad and general way in which it is made in this complaint, amounts to nothing, as furnishing a cause of action. The lawful or unlawful character of the transaction must depend upon the law of the state of West Virginia. What the transaction was is quite apparent. Stock was issued as full-paid stock for the patents, and immediately there was returned to the corporation $750,000 in par value of such stock, which became the property of the corporation, which it might sell for the general purposes of its business, and a part of which the complaint shows has been sold or disposed of, the plaintiff himself buying from the corporation 400 shares of it. It is not to be assumed that, because such a transaction might be invalid under the statute of the state of New York, it is necessarily so by the laws of the sovereignty which created the corporation.

The judgment should be affirmed, with costs. All concur.